**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

M & G Services, Inc.                                               Chapter 11 Case

Debtor.                                                            Case:  19-30993

**NOTICE OF EXPEDITED HEARING AND MOTION FOR**
**APPROVAL TO PAY PRE-PETITION WAGES**

TO:   THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST AS SPECIFIED IN LOCAL RULE 9013.3.

1.    M & G Services, Inc., (hereinafter "Debtor"), the Debtor-In-Possession in the above-referenced proceeding, moves the Court for expedited relief and gives notice of hearing.

2.    The Court will hold an expedited hearing on the Debtor's motion at 2:00 p.m. on Wednesday, April 10, 2019 , before the Honorable Michael E. Ridgway, in Courtroom No. 7 West, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel can be heard.

3.    Any response or objection to the expedited Motion shall be filed no later than 2 hours prior to 2:00 p.m. on April 10, 2019, which is the expedited hearing date and time. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This is a core proceeding. The case is now pending in this Court, having been filed on April 3, 2019.

5.    The Debtor seeks an expedited hearing on its Motion to pay pre-petition wages of the Debtor. It is necessary to have this matter heard on an expedited basis in order to retain the services of its employees.

6.    The Debtor's pre-bankruptcy assets, including cash collateral, are subject to a security interest and lien in favor of Currie State Bank.

7.    The Debtor employs 3 employees. All of Debtor's employees are owed pre-bankruptcy wages from November 5, 2018 to April 3, 2019. A list of employees and the amounts owed is attached to this Motion and marked as Exhibit 1.  The Debtor's next payroll will be substantially the same as Exhibit 1. Exhibit 1 represents pre-bankruptcy wages owed to the employees. A review of the attached Exhibit reflects that no employee whom the Debtor is seeking to pay will be paid an amount which would exceed the priority amount as allowed in 11 U.S.C. §507(a)(4).

8.    The Debtor's payroll is paid every other Friday.  (bi-weekly).  The Debtor's next payroll is April 13, 2019 which covers the period through April 7, 2019. The first three days of this

payroll consist of pre-petition wages. The balance of the payroll is not pre-petition wages. Cause exists to allow the Debtor to pay the payroll.  The Debtor may suffer irreversible and irreparable harm if it is not authorized to pay pre-petition wages, because if the wages are not paid, the Debtor's employees will leave and the Debtor will not be able to continue to operate its business.  It will be a hardship on the employees if they do not receive their paychecks. This motion proposes to pay the wages for the pay period immediately preceding filing in the amount specified in Exhibit 1.

9.     Pursuant to applicable rules, the Debtor reserves the right to call Gary Snook, 107 St. Alban, Lynd, Minnesota, the President of the Debtor in support of this motion.

WHEREFORE, the Debtor, through its undersigned attorney, respectfully moves the Court for an Order granting the Debtor's Motion for relief and granting the Debtor's Motion authorizing it to pay pre-petition wages to the employees and for such other and further relief as the Court may deem just and equitable.

Date: April 9, 2019

  / s / Sam Calvert
Sam Calvert, MN ID#1431X
1011 2nd ST N STE 107
St. Cloud MN 56303
320-252-4473
**ATTORNEY FOR DEBTOR**

## VERIFICATION

I, Gary Snook, President of the Debtor named in the foregoing pleading, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information and belief.

_/s/ Gary Snook_
Gary Snook

# EXHIBIT A
# RULE 4001-2 STATEMENT

The Debtor filed partial schedules and asks the Court to take judicial notice thereof.

Attached to this Statement as **Exhibit 1** is a six-month cash flow projection of the Debtor's business operations. Attached as **Exhibit 2** is a 30-day cash flow projection and budget. Attached as **Exhibit 3** is a Balance Sheet. Attached as **Exhibit 4** is a Profit & Loss Statement.

The Budget attached represents the critical expenditures required to be made by the Debtor to remain operational.

The undersigned verifies under penalty of perjury that the information contained in this pleading is true and correct according to the best of his knowledge, information, and belief.

April 5, 2019

Gary Snook, President

EXHIBIT 1

| name of employee | amount of pre-petition wages to be paid |
|---|---|
| Gary Snook | $2,000.00 |
| Bruce Perrin | $2,000.00 |
| Scott Wyatt | $2,000.00 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In Re:**

**M & G Services, Inc.**                    **Chapter 11 Case**

**Debtor.**                                 **Case:  19-30993**

**MEMORANDUM OF LAW**

M & G Services, Inc. (the "Debtor") submits this Memorandum of Law in support of its Motion for: (1) Expedited Hearing; and (2) an Order Authorizing Payment of Pre-Petition Wages (the "Motion").

I.  Statement of Facts

The Debtor relies on the facts set forth in the Motion and incorporates the same herein by this reference.

II.  Statement of Law and Argument

A.  Expedited Hearing

Bankruptcy Rule 9006(d) provides that a written motion and notice of any hearing is to be served not later than five days before the time specified for such hearing.  Local Rule 9006-1(a) directs that moving papers be delivered not later than seven days, including weekends and legal holidays, or mailed not later than ten days, before the hearing date.
Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may order a notice period reduced.  Local Rule 9006-1(d) provides that if expedited relief is necessary, the party requesting expedited hearing and shall take all reasonable steps to provide all parties with the most expeditious service and notice possible and shall file an affidavit specifying the efforts made.

Cause exists to grant the Debtor an expedited hearing on the Motion.  As indicated in the Motion, the Debtor's bankruptcy estate would suffer immediate and irreparable harm as a result of the loss of an effective staff.  As a delay in the payment of wage and benefit claims would result in increased risk of damage to employee relations, expedited relief is warranted.

B.  Payment of Pre-Petition Wages

Generally speaking, pre-petition claims against a Chapter 11 debtor may not be paid except under a confirmed plan of reorganization.  Although exceptions to this rule are few, in the case of employee claims that are otherwise subject to priority treatment courts have recognized the need for permitting the continuation of ordinary course payments without regard to the bankruptcy filing to the extent necessary in maintaining an effective work force.

"The need to pay wages in an ordinary course time frame is simple common sense.

Employees are more likely to stay in place and to refrain from actions which could be detrimental to the case and/or the estate if their pay and benefits remain intact and uninterrupted." In re Equalnet Communications Corp., 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000), In re Cei Roofing, Inc., 315 B.R. 50 (Bankr. N.D. Tex., 2004).  In the latter case the Court said:

> Thus, there has evolved a rule for the payment of prepetition wages and benefits which is based on both common sense and the express provisions of the Bankruptcy Code. If employees are not paid, they will leave. If they leave the Debtor's business, the bankruptcy case fails shortly after the filing. No one will benefit from the process. The Code gives employees a statutory priority that elevates the claims above the general unsecured claims, and, in fact, most claims in the bankruptcy case. To the extent that the existing holders of claims of higher priority than the wage claims consent or do not timely object, such priority claims may be made during the pendency of the bankruptcy case. The treatment and payment of such claims before confirmation does no violence to the Code or existing case law in this circuit. In fact, such orders are usually "necessary" and "appropriate" to implement a debtor's reorganization under Chapter 11. Id., p. 61

Whether one looks to the general equitable powers of the Court as set forth in Section 105(a), to the Bankruptcy Code provisions related to the use of property of the estate as set forth in Section 363, or some intersection of the two, there is ample authority to support the payment of pre-petition wages on the terms set forth in the Motion.

Moreover, the amounts to be paid are substantially less than the statutory priority amounts.

III. Conclusion

For the reasons set forth in the Motion and in this Memorandum, the Debtor respectfully requests that the Court enter an order: (1) authorizing the payment of wages; and (2) granting such further and additional relief as may be just and equitable.

Dated:  April 9, 2019

  / s / Sam Calvert
Sam Calvert MN ID#1431X
1011 2nd ST N STE 107
St. Cloud MN 56303
320-252-4473

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In Re:

**M & G Services, Inc.**                                              **Chapter 11 Case**

**Debtor.**                                                                     **Case:  19-30993**

**ORDER**

The Motion of M & G Services, Inc. ("Debtor") for an expedited hearing and for an Order granting approval to pay pre-petition wages came on for hearing before the undersigned on the 10th day of April, 2019.  Appearances were noted on the record.
The Debtor is seeking an expedited hearing and is seeking an order for approval to pay pre-petition wages.

IT IS HEREBY ORDERED:

1.     The Debtor's Motion for expedited relief is GRANTED;

2.     The Debtor's Motion to pay pre-petition wages is GRANTED; and

3.     The Debtor will not at pay any employee pre-petition wages greater than those amounts set forth in 11 U.S.C. §507(a)(4) and (5) without a further order.

dated: _____
                                                                  United States Bankruptcy Court